IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM WESLEY WOOD,               )
# 240401,                                        )
                                                     )
                    Petitioner,              )
                                                     )
v                                                   )          Civil Action No. 1:09cv987-TMH
                                                     )                      (WO)
DAVID J. WISE, *et al.*,                 )
                                                     )
                    Respondents.        )

**O R D E R**

        This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by state inmate William Wesley Wood ("Wood") on October 22, 2009.  (Doc.

No. 1.)  By his petition, Wood challenges convictions for ten counts of first-degree rape

entered against him in 2005 by the Circuit Court of Henry County, Alabama.

        The respondents have filed an answer (Doc. No. 9) in which they argue that Wood's

habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254

petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  The respondents contend that because the

_____

        [1]Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the
"AEDPA").  This Act became effective on April 24, 1996.  The limitation period codified at 28
U.S.C. § 2244(d) provides:

                (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.  The
        limitation period shall run from the latest of –

                        (A) the date on which the judgment became final by the
                                                                                                        (continued...)

convictions Wood challenges became final in 2005 – after the effective date of the statute of

limitations – Wood must have filed his § 2254 petition within one year of the convictions'

becoming final, exclusive of the time that any properly filed state post-conviction petition

related to the convictions was pending in the state courts.  The respondents acknowledge that

Wood filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal

Procedure*, in November 2007.  However, the respondents maintain that even allowing a

tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1) during the pendency of

state proceedings on the Rule 32 petition, the limitation period expired prior to Wood's filing

of the instant federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

---

[1](...continued)
conclusion of direct review or the expiration of the time for seeking
such review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of the
United States is removed, if the applicant was prevented from filing
by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise of
due diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under this
subsection.

2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Wood's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  Following a jury trial in the Circuit Court of Henry County, Wood was convicted of the rape charges on March 15, 2005.  He was sentenced on April 22, 2005, to consecutive 99-year terms of imprisonment for each conviction.  He appealed to the Alabama Court of Criminal Appeals, and that court affirmed his convictions and sentence on May, 26, 2006.  He filed an application for rehearing, which the Alabama Court of Criminal Appeals overruled on June 16, 2006.  He sought certiorari review in the Alabama Supreme Court, which that court denied on November 9, 2006; a certificate of judgment was issued that same day.  Woods did not file a petition for writ of certiorari with the United States Supreme Court.  Accordingly, the one-year limitation period for federal habeas corpus review began to run 90 days after November 9, 2006, i.e., on February 7, 2007.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

3

section." This court finds that the limitation period ran for **271 days** after Wood's conviction became final (on February 7, 2007) until his filing of a *pro se* Rule 32 petition in the Circuit Court of Henry County on November 5, 2007, tolling the federal limitation period.[2]  The trial court denied the Rule 32 petition on December 6, 2007.  Wood appealed that ruling, and on September 19, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition.  Wood applied for rehearing, which was overruled on October 3, 2008.  He petitioned the Alabama Supreme Court for a writ of certiorari, which was denied on November 14, 2008; a certificate of judgment was issued that same date.  Wood then filed a petition for writ of certiorari with the United States Supreme Court, and that court denied the petition on April 20, 2009.

Under the circumstances outlined above, the period of limitation for Wood to seek federal habeas relief began to run again on November 17, 2008 – the first business day following completion of the state proceedings on his Rule 32 petition.  *See Lawrence v.*

---

[2]Although the Rule 32 petition was date-stamped as filed in the Circuit Court of Henry County on November 8, 2007, Wood represented that he signed the petition and submitted it to prison officials for mailing on November 5, 2007.  Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993).  Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Wood's Rule 32 petition] was delivered to prison authorities the day [Wood] signed the petition.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*Florida*, 549 U.S. 327, 337 (2007) (federal limitation period is not tolled during pendency of petition for certiorari to United States Supreme Court seeking review of denial of state post-conviction relief).  The limitation period then ran for another **339 days**, until October 22, 2009, when Wood filed his habeas petition in this court.[3]  By that time, however, the one-year limitation period allowed Wood for the filing of a timely federal habeas petition had expired, as **610 (271 + 339) days** had run from the date on which his convictions became final.

Under the circumstances of this case as outlined in this order, it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Wood filed the instant habeas petition under § 2254.  Accordingly, it is

**ORDERED that on or before December 29, 2009**, Wood shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE this 4th day of December, 2009.

_____/s/Susan Russ Walker_____
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

_____

[3]Although the petition was date-stamped "received" in this court on October 23, 2009, it was signed by Wood on October 22, 2009.  *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).