IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM WESLEY WOOD, # 240401, )<br>)<br>Petitioner, )<br>)<br>v.           )<br>)<br>DAVID J. WISE, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 1:09cv987-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

William Wesley Wood ("Wood"), an Alabama inmate, is before the court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed on October 22, 2009. Wood challenges convictions for ten counts of first-degree rape entered against him in 2005 by the Circuit Court of Henry County, Alabama.

Wood asserts the following claims in his petition:

1. Trial counsel rendered ineffective assistance in the following ways:

    a. Counsel failed to ask the trial court to require the prosecution to elect a particular incident and to specify as to which charge each conviction rested, because the victim's age was an essential element of the charges and the multiple offenses were alleged to have occurred over a two-year period.

    b. Counsel failed to object to the trial court's failure to hold a pretrial hearing to determine the trustworthiness of the victim's out-of-court statements.

      c.      Counsel "failed to object to the evidence and testimony which did not substantiate the guilty verdict of (10) ten separate counts of rape 1st degree."

  2.      Appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel based on trial counsel's failure to protect Wood's Sixth Amendment right to a fair trial concerning the issues presented above.

(*Doc. No. 1 at p. 6.*)[1]

The respondents answer that Wood's failure to file his habeas petition within the one-year limitation period applicable to 28 U.S.C. § 2254 petitions means his petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[2] (*Doc. No. 9.*) The respondents contend that because the convictions Wood challenges became final in 2005 – after AEDPA's limitation period was enacted – Wood was required to file his § 2254 petition within one year of the convictions' becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions was pending in the state courts. (*Id.*) The respondents acknowledge that Wood filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in November 2007. However, the respondents maintain that even allowing a tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1)(A) during the pendency of state proceedings on the Rule 32 petition, the federal limitation period expired prior to Wood's filing of the instant federal habeas petition. (*Id.*)

---

[1] Page references are to those assigned by CM/ECF.

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

*See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001). The respondents therefore argue that Wood's petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).[3]

As discussed below, upon review of the pleadings filed in this case, the evidentiary materials, and the applicable law, this court concludes that Wood's § 2254 petition should be denied and this case dismissed because the petition was not filed within the time allowed by federal law.

## II.  DISCUSSION

*A.     One-year Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]Based on the respondents' answer and the evidentiary materials filed therewith, this court entered an order advising Wood that it appeared he had failed to file his petition within the one-year limitation period. (*Doc. No. 10.*) The order gave Wood an opportunity to show cause why his petition is not barred from review by this court. Wood filed a response to the court's order on December 21, 2009. (*Doc. No. 11.*)

3

>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On March 15, 2005, following a jury trial in the Circuit Court of Henry County (case numbers CC-2000-206 through CC-2000-215), Wood was convicted of ten counts of first-degree rape. (*Doc. No. 9, Exh. B*.) He was sentenced on April 22, 2005, to consecutive 99-year terms of imprisonment for each conviction. (*Id*.) He appealed to the Alabama Court of Criminal Appeals, and that court affirmed his convictions and sentence on May, 26, 2006. (*Doc. No. 9, Exhs. A and C*.) He filed an application for rehearing, which the Alabama Court of Criminal Appeals overruled on June 16, 2006. (*Doc. No. 9, Exh. D*.) He sought certiorari review in the Alabama Supreme Court, which that court denied on November 9, 2006; a certificate of judgment was issued that same day. (*Doc. No. 9, Exh. E*.) Wood did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, for the

purposes of 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period for federal habeas corpus review began to run 90 days after November 9, 2006, i.e., on February 7, 2007. *See Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the federal limitation period ran for **271 days** after Wood's conviction became final – on February 7, 2007 – until his filing of a *pro se* Rule 32 petition in the Circuit Court of Henry County on November 5, 2007, which tolled the federal limitation period.[4] (*Doc. No. 9, Exh. F.*) The trial court denied Wood's Rule 32 petition on December 6, 2007. (*Id.*) Wood appealed that ruling, and on September 19, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition. (*Doc. No. 9, Exh. I.*) Wood applied for rehearing, which was overruled on October 3, 2008. (*Doc. No.*

---

[4]Although the Rule 32 petition was date-stamped as filed in the Circuit Court of Henry County on November 8, 2007, Wood represented that he signed the petition and submitted it to prison officials for mailing on November 5, 2007. Under the mailbox rule, a *pro se* inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993). Consequently, the prison mailbox rule applies to a *pro se* Rule 32 petition filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Wood's Rule 32 petition] was delivered to prison authorities the day [Wood] signed the petition. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*9, Exh. J.*)  He petitioned the Alabama Supreme Court for a writ of certiorari, which was denied on November 14, 2008; a certificate of judgment was issued that same date. (*Doc. No. 9, Exh. K.*)  Wood then filed a petition for writ of certiorari with the United States Supreme Court, and that court denied the petition on April 20, 2009.  (*Doc. No. 9, Exhs. L and M.*)

Under the circumstances outlined above, the period of limitation for Wood to seek federal habeas relief began to run again on November 17, 2008 – the first business day following completion of the state proceedings on his Rule 32 petition.  *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (federal limitation period is not tolled during pendency of petition for certiorari to United States Supreme Court seeking review of denial of state post-conviction relief).  The limitation period then ran for another **339 days**, until October 22, 2009, when Wood filed his habeas petition in this court.[5]  By that time, however, the one-year limitation period allowed Wood for the filing of a timely federal habeas petition had expired, as **610 (i.e., 271 + 339) days** had run from the date on which his convictions became final.  As such, the one-year limitation period contained in 28 U.S.C. § 2244(d)(1)(A) expired well before Wood filed the instant habeas petition under § 2254.

**B.     *Statutory Tolling Provisions of § 2244(d)(1) (B) - (D)***

Any efforts by Wood to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) are unavailing in this case.  There is no evidence that any

---

[5] Although the petition was date-stamped "received" in this court on October 23, 2009, it was signed by Wood on October 22, 2009.  *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

unconstitutional or illegal State action impeded Wood from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Wood's claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Wood does not submit any grounds for relief for which the factual predicate could not have been discovered "through the exercise of due diligence." *See* § 2244(d)(1)(D).

C.  **Equitable Tolling of Limitation Period**

The federal limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

This court entered an order allowing Wood an opportunity to show cause why his petition should not be time-barred from review by this court. (*Doc. No. 10.*) While Wood did file a response to the court's order (*Doc. No. 11*), his response does not contain an argument asserting any credible basis for either equitable or statutory tolling of the limitation

period in his case. Because Wood has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief be denied as it was not filed within the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A).

2.  This case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 28, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 14th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE